Littleton, Judge,
delivered the opinion of the court:
Upon the facts established by the record and set forth in the findings plaintiff is clearly entitled to judgment for $4,728 under its contract with the defendant as modified by the parties, representing rental for six gasoline locomotives possessed and used by the defendant for the period May 21 to September 20, 1936, at the rate of $197 a month for each locomotive. The contract as originally made was pursuant *173 to advertisement and competitive bidding on the basis of definite specifications which accompanied the invitation forbids, and which constituted the provisions of the proposed contract for which bids were asked. Plaintiff was not the lowest bidder but it was admittedly the lowest qualified bidder. Only one other bid was received for six locomotives required. This bid was at the unit price of $197 a month per locomotive. However, upon inspection of the locomotives offered by this bid, it was found and reported to the contracting officer that none of these locomotives contained all the equipment called for by the specifications and that only two of them had a 4-speed transmission forward and reverse as specifically called for by the specifications. This report was true and was verified by a subsequent inspection, as set forth in the findings, on May 26, 1936. Therefore, none of the locomotives offered by the low bidder met the requirements of the specifications. Upon the opening of bids the contracting officer, who was the procurement officer of the Treasury Department located at Chicago, requested the Works Progress Administration to make an inspection and to report on the equipment. This inspection and report were made by the chief engineer of the Works Progress Administration, who was the head of the operations division and whose duty it was to make such inspections and reports. The contracting officer awarded the contract to plaintiff as the lowest qualified bidder and rejected the bid of the other company.
The C. E. Carson Company, who was the other bidder, endeavored to have its bid accepted and took the matter up with the Works Progress Administration at Chicago with the result that the Works Progress Administration’s officials made a test of three locomotives of the Carson Company, which had four speeds forward and reverse, and on May 26 the supervisor of the Works Progress Administration wrote the contracting officer a letter, which is set forth in finding 6, recommending that plaintiff’s contract be canceled and a contract awarded The Carson Company for the three locomotives. These three locomotives did not meet the requirements of the specifications as to the specified equipment. *174 thereon. The contracting officer refused to cancel the contract. He had a conference with plaintiff’s authorized officer and asked him if plaintiff would be willing to accept a can-celation of the contract and surrender the first purchase order for two months which had been issued. Plaintiff refused to do this. Plaintiff’s locomotives were then being used by the defendant and tvere giving entire satisfaction.' They had previously been used by the defendant under a rental contract which had expired.
May 28 the contracting officer suspended the contract until he could reach a decision about the complications that-had arisen as a result of the letter of May 26 from the Works Progress Administration. Shortly thereafter plaintiff was told by the contracting officer, or by his authority, that the Government would pay him $197 a month for each locomotive ; that if plaintiff would accept that rate the contracting officer would recommend its payment under the contract, and that “If you will accept that, we promise you we will keep your locomotives on the job the entire life of the project.” Plaintiff acquiesced in this and that course was adopted and pursued, and on June 18,1936, it was made effective by the contracting officer as of May 21, 1936, the date when the contract was awarded to plaintiff and the first purchase order was issued for two months. In order to carry this out the contracting officer wrote plaintiff the letter of June 18, 1936, as set forth in finding 6. Plaintiff acquiesced in this letter and thereafter submitted its monthly invoices for rental of the locomotives at the rate of $197 each per month. Following this, on July 25 and August 21, 1936, the contracting officer issued two additional purchase orders under the contract as modified.
Plaintiff’s locomotives were accepted and used by the defendant and were at all times in defendant’s possession during the whole of the four-months’ period for which claim is here made, beginning May 21 and ending September 20,1936. The contracting officer approved plaintiff’s vouchers at the rate of $197 a month each m,onth and recommended payment on that basis, but the Comptroller General finally refused to authorize any payment to be made to plaintiff under *175 the contract or to approve the accounts for any disbursements to plaintiff for rental of the equipment. For that reason nothing has been paid to plaintiff.
There was no irregularity in the award of the contract to plaintiff. There was no fraud or bad faith of any kind in connection with the matter. The plaintiff was the lowest qualified bidder.
It was clearly competent and proper for the parties after the contract had been made and the first purchase order for two months was outstanding, to agree, if they so desired, to a modification of the contract price. The facts show that they did this and certainly the defendant has no ground to complain because the modification of the contract price was in the defendant’s favor. The contract as so modified therefore remained in full effect and force during the entire four-month’s period and was binding during that period on both parties.
The defendant accepted delivery of the six locomotives, had possession thereof, and used the same under the contract terms during the period in question, and is bound to pay the agreed contract price of $197 each per month for rental thereof. The amount of such rental for each such locomotive at the rate of $197 a month for the four-months’ period is $4,728.
Judgment will therefore be entered in favor of plaintiff in this amount. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.